IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT LEE HAMILTON,                                    OPINION AND ORDER

        Petitioner,                                                    15-cv-510-bbc

   v.

TIM DOUMA, Warden for New Lisbon
Correctional Institution,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Petitioner Robert Lee Hamilton, a prisoner at New Lisbon Correctional Institution, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. After conducting a preliminary review of the petition in accordance with Rule 4 of the Rules Governing Section 2254 Proceedings, I directed respondent Tim Douma to answer the petition. Respondent has answered the petition, which is now fully briefed and ready for decision. After reviewing the materials submitted by the parties, I conclude that petitioner has failed to show that the state court decisions he is challenging involved an unreasonable application of federal law or an unreasonable determination of the facts. Accordingly, I am denying the petition.

        From the petition, the court's records and state court records available electronically, I find the following facts.

1

BACKGROUND

On July 23, 1997, petitioner pleaded guilty to the following crimes: (1) armed robbery-threat of force, in violation of Wis. Stat. § 943.32(1)(b) and (2); (2) first-degree sexual assault, in violation of Wis. Stat. § 940.225(1)(b); (3) attempted first-degree intentional homicide while armed, in violation of Wis. Stat. §§ 940.01(1), 939.32 and 939.63; (4) first-degree recklessly endangering safety while armed, in violation of Wis. Stat. § 941.30(1) and 939.63; and (5) resisting an officer, in violation of Wis. Stat. § 946.41(1). In connection with his plea, petitioner signed a "guilty plea questionnaire and waiver of rights form," in which he indicated that he understood that he could be sentenced to up to a maximum of 173 years in prison. At the plea hearing, the sentencing judge again informed petitioner that he could be sentenced to 173 years in prison, but the judge noted that petitioner's counsel intended to submit a motion challenging the imposition of the habitual criminal offender penalty before the sentencing. The judge informed petitioner that if this motion were successful, the habitual criminal enhancement penalty would not be applied to four of the five charges, so his maximum sentence might be lower than 173 years, but it would not be any higher regardless of the outcome on the motion. Petitioner indicated that he understood and pleaded guilty to all five charges.

Petitioner was sentenced on October 9, 1997. Prior to sentencing petitioner, the judge informed the parties that he had considered and was denying petitioner's challenge to the habitual criminal enhancement penalty. Accordingly, the judge applied the enhancement to all five counts. Petitioner was sentenced to a total of 155 years in prison: 50 years on the

armed robbery count, 50 years on the sexual assault count, 55 years on the attempted first-degree homicide count, 15 years on the recklessly endangering safety count and three years on the obstructing an officer count. The sentences for counts one, two and three were to run consecutively, while counts four and five (recklessly endangering safety and obstructing an officer, respectively), ran concurrently to the sentences on counts one, two and three.

OPINION

Petitioner raises five grounds for relief in his petition. However, grounds three and five both relate to the question whether he was informed of the maximum potential penalty he could face. Accordingly, I construe petitioner as raising the following issues:

> (1) Petitioner's plea was not knowing and voluntary because he was not advised of the presumptive minimum sentences on two of his charges.
>
> (2) Petitioner's plea was not knowing and voluntary because the court failed to explain to him the "utter disregard" element of the recklessly endangering safety charge.
>
> (3) Petitioner's pleas were not knowing and voluntary because he did not understand the maximum penalty he was facing on each offense when he pleaded guilty.
>
> (4) Petitioner's trial counsel was ineffective because he failed to challenge petitioner's penalty enhancement for engaging in habitual criminality prior to the plea.

The Anti-Terrorism and Effective Death Penalty Act of 1996 allows a district court to issue a writ of habeas corpus on behalf of a person in custody under a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws

or treaties of the United States." 28 U.S.C. § 2254(a). When the state court addresses a petitioner's habeas claims on their merits, the federal court is bound by a "highly deferential" standard of review, Woodford v. Visciotti, 537 U.S. 19, 24 (2002), that requires it to uphold the state court's decision unless it was (1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). For the purpose of reviewing the reasonableness of the state court's decision, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 131 S.Ct. 770, 786-87 (2011). Applying these standards to petitioner's claims, I conclude that he is not entitled to a writ of habeas corpus.

A. Failure to Advise as to Minimum Sentence

Petitioner's first claim is that his plea was rendered involuntary because the state failed to advise him that two of the charges carried presumptive minimum sentences of three years. In rejecting this claim, the Wisconsin Court of Appeals acknowledged that the trial court erred by failing to advise petitioner of the minimum sentences on these charges, but concluded that petitioner's plea was still entered knowingly and voluntarily because he was "aware of 'the range of punishments to which he [was] subjecting himself by entering a

4

plea.'" State v. Hamilton, 2014 WI App 90 ¶ 3, 356 Wis. 2d 326, 855 N.W.2d 491 (quoting State v. Bangert, 131 Wis. 2d 246, 261-62, 389 N.W.2d (1986)). As the appellate court put it, the failure to advise petitioner of the three-year presumptive minimums was "insubstantial" and would not have affected his plea decision in light of the fact that he was facing up to 173 years in prison. Id. Moreover, petitioner himself requested a sentence of 30 years, thereby making it extremely unlikely that he believed he would receive a sentence less than the presumptive minimums. Id. The appellate court's rejection of this claim was neither unreasonable nor contrary to governing federal law. As the Court of Appeals for the Seventh Circuit has held in similar situations, minor errors in a plea colloquy do not violate a prisoner's federal rights if they do not have a "'substantial and injurious effect or influence' on the outcome of the proceeding." Dansberry v. Pfister, 801 F.3d 863, 867-68 (7th Cir. 2015) (quoting Brecht v. Abrahamson, 507 U.S. 619, 623 (1993)).

B. Failure to Advise as to "Utter Disregard" Element of Reckless Endangering Charge

Petitioner's second claim is that his plea was not knowing and voluntary because the court failed to explain the "utter disregard" element of his reckless endangering safety charge. The United States Supreme Court held in Boykin v. Alabama, 395 U.S. 238 (1969), that guilty pleas must be knowing and voluntary but it does not follow from this holding that a sentencing judge is required to expound on each element of a charge in minute detail. All that is required is that the defendant be given "real notice of the true nature of the charge." Henderson v. Morgan, 426 U.S. 637, 645 (1976). It was not unreasonable or contrary to

5

federal law for the Wisconsin Court of Appeals to determine that stating the elements of the crime without further commentary was sufficient to provide petitioner sufficient notice of the charges against him. See, e.g., Harvey v. McCaughtry, 11 F.3d 691, 696 (7th Cir. 1993) (noting that the Supreme Court has "declined to decide 'whether notice of the true nature, or substance, of a charge always requires a description of every element of the offense.'").

### C. Failure to Advise as to Maximum Sentence

Petitioner's third claim is that the sentencing judge failed to advise him as to the maximum sentence he faced, thereby rendering his plea defective. Petitioner contends that he was unaware of the maximum penalty because the sentencing judge informed him that the sentence "could be less later on" if petitioner's challenge to the habitual criminal enhancement penalty were successful. However, the fact that petitioner's ultimate sentence might be reduced in post-plea motions does not render a plea colloquy defective if the sentencing judge identifies the maximum sentence that might be imposed (and which a defendant will have to serve if that challenge is unsuccessful). Petitioner knew that he could be sentenced up to 173 years and decided to enter a plea despite his awareness of that possibility. All that is required for a plea to be knowing and voluntary is that the defendant be apprised of the "permissible range of sentences." Boykin, 395 U.S. at 244, 244 n.7.

D.  Failure to Raise Challenge to Habitual Criminal Enhancement Prior to Plea

Petitioner's next argument is equally unavailing. He contends that his counsel was ineffective because he failed to obtain a ruling on his challenge to the habitual criminal enhancement penalty before petitioner entered his plea, but he has not shown that he prejudiced by this failure. As the Wisconsin Court of Appeals noted in rejecting this claim, the motion was ultimately rejected, so petitioner was not prejudiced by his lawyer's failure to obtain a ruling on the motion before he entered his plea. Petitioner does not explain how knowing the outcome on his challenge to the habitual enhancer penalty would have affected his decision to enter a plea. Strickland v. Washington, 466 U.S. 668, 694 (1984) (to prove ineffective assistance of counsel, a defendant must show both that his lawyer's actions were deficient and that the deficient actions prejudiced him).

E. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller–El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

7

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated above, reasonable jurists would not debate the decision that the petition should be denied. Therefore, no certificate of appealability will issue. Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R.App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that

1. Petitioner Robert Lee Hamilton's petition for a writ of habeas corpus under 28 U.S.C. 2254 is DENIED.

2. Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R. App. 22.

Entered this 20th day of September, 2016.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge