U.S. Circuit Court Of Appeals Seventh Circuit

| | |
|---|---|
| Robert Lee Hamilton | DOC NO REC'D/FILED |
| Petitioner | Case No. 15CV-510bbc |
| V | 2016 NOV -7 PM 12:01 |
| Strahota Warden | PETER OPPENEER CLERK US DIST COURT WD OF WI |
| Respondent | |

Notice Of Appeal And Seek Permission to the Seventh Circuit From Denial Of §2254 By Judge Barbara B Crabb

I here by give notice of appeal from the denial of §2254 and C.O.A. by judge Barabara B Crabb order date 9-20-16 petitioner seeks permission to appeal to the seventh circuit the issues are as followed.

Issues Presented

1 Did the district court abuse its discretion in denying petition §2254 and C.O.A.

2 Wisconsin courts failed to grant Bangert motion even when circuit court "conceded that a Bangert violation apparenlty occurred. )see order denying motion for post conviction relief dated May 28 2013 see page 4). Hamilton is entitled to plea withdrawal beause he was unaware of presumptive mininmum penalty on two counts to which he plead. The circuit court and the court of appeals use insubstantial defect analysis under State V Taylor 2013 WI 34 347 wis 2d 30. The application of Taylor to this case is incorrect and conflicts with State V Inglr 2013 ap 1495. Judge Barbara Crabb erred because insubstantial defect apears to be nothing more than harmless error analysis which is inapplicable to plea withdrawal. By the circuit court conceding to the Bangert violation Judge Crabb should of sent this back

1

to the circuit court for an evidentiary hearing. Another court could resolve this issue differently, this issue is debatable among reasonable jurists.

3 Hamilton is entitled to plea withdrawal brcause failure to advise as to "Utter Disregard." Judge crabberred because this is an unreasonable determination of the facts in light of the evidence presented in the state court. Another court could resolve this issue differently.

4 Hamilton is entitled to plea withdrawal for failure to advise as to maximum sentence. Judge Crabb erred because the circuit court said in the order denying motion for post conviction relief dated May 8 2013 page 7 "Because the motion had not been filed at the time of the plea hearing the court spoke to the defendant in terms of the possibility of a successful motion." Pleas are a waiver of constitutional rights there not subject to a possibility. This is prestidigitation a plea can never with stand prestidigitation. Judge Crabb never made a ruling on this. This issues would be debatable among reasonable jurists another court could resolve this issue differently.

5 Hamilton is entitled to plea withdrawal trial counsel was ineffective for failing to raise challenge to habitual enhance ment prior to plea. Judge Crabb said Hamilton does not explain how knowing the outcome to the challenge would have affected his decision to enter a plea. Judge Crabb erred because trial counsels incorrect advice to Hamilton that he was facing a total maximum of less than 173 years when he plead constituted deficient performance. This confusion put Hamilton at a disadvantage this harm him. If Hamilton had of knew the out come of the motion he would of knew that his chance for parole would be unrealistic so he would of never took the plea.

2

Judge Crabb should of sent this back to the circuit court for an evidentiary hearing. This issue is debatable among reasonable jurists another court could resolve the issue differently.

Respectfully Submitted

*Robert Lee Hamilton*

Robert Lee Hamilton #149550
New Lisbon Corr Inst.
Po Box 4000
New Lisbon WI 53950

Dated This November Day Of 5 2016