IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT LEE HAMILTON,

          Petitioner,                              ORDER

      v.                                                   15-cv-510-bbc

TIM DOUMA, Warden for New Lisbon
Correctional Institution,

          Respondent.

---

On September 20, 2016, the court denied Robert Lee Hamilton's petition for a writ of habeas corpus under 28 U.S.C. § 2254 because he failed to show that the challenged state court decisions involved an unreasonable application of federal law or an unreasonable determination of the facts. Petitioner was denied a certificate of appealability and judgment was entered against him on the same day. Dkts. 39 & 40. Petitioner nonetheless filed a Motion for Issuance of Certificate of Appealability on October 20, 2016, and the court entered an order requesting clarification as to whether petitioner had intended to file a notice of appeal. Dkts. 43 & 48. Petitioner has responded to that order and says that he indeed intended to file a notice of appeal. Dkt. 49. His motion for a certificate of appealability will therefore be denied without prejudice.

Petitioner also has filed another Motion for Certificate of Appealability, dkt. 59, which I will deny on the same basis. Petitioner should refer to the court's order of September 20, 2016, dkt. 39 at 7-8, for the reasons why a certificate of appealability was denied in the first place.) Petitioner is reminded that he may challenge this decision by

seeking a certificate of appealability from the Court of Appeals, pursuant to Fed. R. App. P. 22.

Petitioner has now filed a notice of appeal. Dkt. 50. Also pending before the court is his motion for leave to proceed in forma pauperis on appeal. Dkt. 44. I will grant that request. Here's why:

Petitioner's appeal is not subject to the 1996 Prison Litigation Reform Act. Walker v. O'Brien, 216 F.3d 626, 628-29 (7th Cir. 2000) ("The PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255."). Nevertheless, in determining whether a petitioner is eligible for indigent status on appeal under 28 U.S.C. § 1915, the court must find both that the petitioner does not have the means to pay the $505 filing fee and that the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) and (3). I do not intend to certify that petitioner's appeal is not taken in good faith. In determining whether a habeas corpus petitioner is eligible to appeal in forma pauperis, the court applies the formula set out in 28 U.S.C. § 1915(b)(1). From petitioner's trust fund account statement, I conclude that he qualifies for indigent status. I also assess petitioner an initial partial payment of the $505 filing fee in the amount of $10.85.

Finally, petitioner has filed a motion for appointment of counsel. Dkt. 47. This request is not properly raised in this court. Petitioner must make this request directly to the Court of Appeals for the Seventh Circuit if he wishes to seek appointed counsel to represent him there.

ORDER

IT IS ORDERED that

1. Petitioner Robert Lee Hamilton's motion for leave to proceed in forma pauperis on appeal, dkt. 44, is GRANTED. Petitioner may have until February 17, 2017, to submit a check or money order made payable to the clerk of court in the amount of $10.85. If by February 17, 2017, petitioner fails to pay the initial partial payment or explain his failure to do so, then I will advise the court of appeals of his noncompliance in paying the assessment so that it may take whatever steps it deems appropriate with respect to this appeal.

2. Petitioner's two motions for a certificate of appealability, dkts. 43 & 59, and his motion for appointment of counsel, dkt. 47, are DENIED without prejudice to petitioner's refiling the requests directly with the Court of Appeals for the Seventh Circuit.

Entered this 13th day of January, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge